## NEWELL SHERMAN *versus* JOSEPH ABBOT.

The owner of land first mortgaged it to the tenant and then conveyed it by deed of
warranty to R., taking back a mortgage to secure the purchase money ; and R.
conveyed it to the demandant. The deed to R. was recorded before the mortgage
to the tenant, but after R's mortgage to the original owner. The mortgage from
R. was not released or discharged, although the debt secured by it was said to have
been paid, but after condition broken. The original owner and the tenant then
conveyed the land to S., who reconveyed it to the tenant. It was *held*, that wheth-
er R's mortgage had or had not been paid, the *legal* title had passed by it to the
original owner and remained in him, and that by the conveyances from him and the
tenant to S. and from S. back to the tenant, it became vested in the tenant, and
therefore a writ of entry by the demandant against the tenant could not be sustained.

THIS was a writ of entry to recover two parcels of land in
East Sudbury.  The demandant counted on his own seisin and
a disseisin by the tenant.   The tenant pleaded *nul disseisin.*

At the trial, before *Shaw* C. J., it appeared that both parties
derived their title from Reuben Sherman senior.

The demandant produced in evidence a warranty deed em-
bracing the premises, from Reuben Sherman senior to Reuben
Sherman junior, dated May 9th, 1821 ; and a deed of the same
land, from Reuben Sherman junior to the demandant, dated
August 25th, 1828.   Both of these deeds were recorded on
August 30th, 1828.

On the same 25th day of August, 1828, the demandant
mortgaged back the land to R. Sherman junior, to secure the
payment of the purchase money in one, two and three years
This deed was recorded on August 30th, 1830.

The tenant then gave in evidence a deed of mortgage given
by R. Sherman senior to the tenant, to secure the payment of
$ 1,550 in three, six and ten years, dated May 25th, 1818,

but not recorded until December 23d, 1829 ; and a mortgage deed dated May 9th, 1821, and recorded on May 5th, 1828, from R. Sherman junior to R. Sherman senior, given to secure the payment of three notes for the sum of $1,100, payable, one on demand, another on May 9th, 1824. and the third on May 9th, 1828.

The tenant then, in order to show, that the legal estate which was vested in R. Sherman senior by the mortgage deed from R. Sherman junior, was conveyed to the tenant, offered in evidence a warranty deed from R. Sherman senior to Samuel Sherman, dated June 3d, 1830, and recorded June 5th, 1830, embracing one of parcels claimed by the demandant. This deed did not purport to be subject to any mortgage, or to be the assignment of any mortgage or any note or other security for money. One question raised was, whether the legal estate held at the time by R. Sherman senior, as mortgagee, in this parcel of land, passed by this deed to Samuel Sherman, so that if after this deed R. Sherman senior received payment of the sum secured by the mortgage to him, the estate conveyed by him to Samuel Sherman would be defeated.

The tenant further produced in evidence a quitclaim deed from himself and Reuben Sherman senior to Samuel Sherman, embracing both parcels of the demanded premises, dated April 1st, 1833, and recorded May 9th, 1833 ; and a deed of mortgage from Samuel Sherman to the tenant, of the same date, and recorded in May, 1833, given to secure the payment of the sum of $1,000.

The tenant contended, that, if the legal estate was in R. Sherman senior down to June, 1833, it passed by the above deed to Samuel Sherman, and on the same day, by the deed of Samuel Sherman to the tenant, it passed to him as mortgagee ; and this claim covers both parcels demanded.

The demandant then proposed to prove, that the mortgage given by Reuben Sherman junior to Reuben Sherman senior, under which the tenant claimed title, was paid and discharged in March, 1830. As there was no discharge in the registry of deeds, and no release or instrument of discharge offered, a doubt was expressed whether proof of payment after condition broken would wholly discharge the mortgage and revest the estate ;

Sherman  but for the purpose of presenting the whole case the evidence
*v.*  was admitted.
Abbot.

The chief justice being of opinion that the evidence would
not warrant the jury in finding that the mortgage had been paid
and discharged, the demandant became nonsuit subject to the
opinion of the whole Court, upon the facts in the case.   If
the Court should be of opinion, that the demandant was enti-
tled to recover, the nonsuit was to be taken off, and the tenant
to be defaulted, or a new trial granted, as the Court might or-
der; otherwise judgment was to be entered upon the nonsuit.

Jan. 17th,  *Robinson* and *Mann*, for the demandant, contended that the
1837.  debt secured by the mortgage from Reuben junior to Reuben
senior, had been paid, and the morgage thereby extinguished,
and therefore no estate remained in the mortgagee that could
pass by the deed to Samuel Sherman.   1 Powell on Mortg.
(Rand's ed.) 109 and notes, 145 ; *Porter* v. *Perkins*, 5 Mass.
R. 233 ; *Somes* v. *Skinner*, 3 Pick. 52 ; *Wade* v. *Howard*,
6 Pick. 492, and 11 Pick. 289.

*Farley* and *Mellen, contrà*, argued that the tenant acquired
all the rights which Reuben senior held as mortgagee, and that
the mortgager cannot maintain a writ of entry against the mort-
gagee uoon payment after condition broken, unless there has
been a release or discharge of the mortgage, but the remedy is
by a bill in equity to redem.

an. 21st,  WILDE J. delivered the opinion of the Court.   The facts
1837.  reported in this case are somewhat complicated.   The titles
of both parties are derived from Reuben Sherman senior, who
in 1821 conveyed the demanded premises, with other lands, to
Reuben Sherman junior, taking back, at the same time, a
mortgage deed of the premises, to secure the whole or a part
of the purchase money.   Reuben Sherman junior, on the 25th
of August, 1828, conveyed the premises to the demandant.
His deed was recorded on the 30th of August, 1828.   Prior
to this conveyance, however, Reuben Sherman senior had
mortgaged the premises to the tenant ; but this mortgage was
not recorded until after the record of the conveyance from
Reuben Sherman junior to the demandant ; and his title,
therefore, as his counsel maintain, must be considered as the
better title.   But this is not the legal consequence of these

conveyances ; for the mortgage deed from Reuben Sherman junior to Reuben Sherman senior, was recorded before the conveyance to the demandant, and nothing, therefore, passed by that conveyance to him but the equity of redemption. After these conveyances, the tenant, and Reuben Sherman senior, conveyed the premises to Samuel Sherman ; and it has been argued, that this by law operates as an extinguishment of the mortgage. But clearly it is no extinguishment of the mortgage from Reuben Sherman junior ; for Samuel Sherman had not his title as mortgager, which was then vested in the demandant. And if this conveyance to Samuel Sherman did operate as an extinguishment of the mortgage from Reuben Sherman senior to the tenant, it is immaterial ; for if so, then the legal estate passed to Samuel Sherman from the other grantor After this conveyance, Samuel Sherman conveyed the premises to the tenant; and by this conveyance the legal estate passed to him.

It is, therefore, immaterial, whether the mortgage debt from Reuben Sherman junior to Reuben Sherman senior, has been paid or not. For it has long been the established law in this Commonwealth, that the mortgager cannot maintain an action at law to recover possession of the mortgagee, after payment of the mortgage debt, unless the mortgaged premises are first released or discharged as the law directs.

*Judgment on nonsuit.*